LUCAS VALLEY LAW
MARK K. de LANGIS (SBN 190083)
2110 Elderberry Lane
San Rafael, California  94903
Telephone:  (415) 472-3892
Facsimile:   (415) 472-3977
mdelangis@lucasvalleylaw.com

Attorney for Plaintiff
AMERICAN PRESIDENT LINES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN PRESIDENT LINES, LTD., a corporation,<br><br>           Plaintiff,<br>     v.<br><br>FORTA CORPORATION, a corporation,<br><br>           Defendant. | No. C 07-3221 MMC<br><br>COMPLAINT FOR:<br><br>1. BREACH OF MARITIME CONTRACT;<br>2. OPEN ACCOUNT;<br>3. COMMON COUNT FOR SERVICES PERFORMED;<br>4. NEGLIGENCE |

Plaintiff American President Lines, Ltd.  ("APL") complains against defendant Forta Corporation ("Forta" or "defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. The following claims are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and fall within the admiralty jurisdiction of this Court under 28 U.S.C. section 1333.

2. Venue is proper in the Northern District of California because a substantial part of the events giving rise to the claim occurred in the Northern District of California, *viz.* entering into and performing under the maritime contracts memorialized in the bill of lading and applicable tariffs.

## PARTIES

3. Plaintiff American President Lines, Ltd. is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Delaware, residing in Oakland, California.

4. APL is informed and believes, and on that basis alleges that defendant Forta Corporation is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Pennsylvania.

## GENERAL ALLEGATIONS

5. At all relevant times, APL was and still is an ocean carrier of goods for hire between, *inter alia*, the United States and foreign ports.

6. In or around June 2003, defendant was the owner of a twenty foot container stuffed with paint, concrete additive, and synthetic fiber, for which APL issued a bill of lading contract (APLU083341568). The shipments were transported by APL from Grove City, Pennsylvania to Kotka, Finland.

7. APL, the ocean carrier, issued its bill of lading contract to govern the contractual relationship between the parties for the shipments.

8. Clause 1 of APL's bill of lading defines "Merchant" to include

> the shipper, consignee, receiver, holder of this bill of lading, owner of the cargo or person entitled to possession of the cargo or having a present or future interest in the goods and the servants and agents of any of these, all of whom shall be jointly and severally liable to the carrier for the payment of all freight, and for the performance of the obligations of any of them under this bill of lading.

1   9.   APL is informed and believes and on that basis alleges that defendant Forta was the owner of the paint, concrete additive, and synthetic fiber being shipped in the above-described container.

10.  Defendant Forta was a "Merchant" under the bills of lading contracts it entered into with APL for the carriage of the goods as described above.

11.  In connection with the aforesaid carriage of goods in June 2003, Forta, as the owner of the cargo and as such, a "Merchant" under the bill of lading contract terms, agreed and otherwise became obligated to pay any and all ancillary costs, fees, and charges associated with the transportation of Forta's cargo.

12.  In addition, APL is informed and believes, and on that basis alleges, that Forta packed and braced the container of paint, concrete additive, and synthetic fiber, prior to tendering the container to APL for transport.

13.  On or about June 20, 2003, APL discovered that Forta's container was leaking paint from its rear doors. APL was forced to call in an environmental response team to assess the spill, and conduct clean-up operations. The environmental response team cleaned up the paint, re-packed the container and disposed of the waste, all for Forta's benefit

14.  APL, on Forta's behalf, paid the invoice issued by the environmental response team. Subsequently, APL invoiced Forta for $5,277.64 for the costs associated with responding to Forta's leaking container. Forta has paid nothing towards the $5,277.64 it owes to APL.

15.  Despite demands by APL, defendant has failed to pay the cost of responding to its leaking container and still owes APL $5,277.64. Accordingly, there is due and owing to APL, from defendant, the amount of $5,277.64, in connection with the above-described leaking container and subsequent clean-up.

/ / /

COMPLAINT
3

**FIRST CAUSE OF ACTION**

**(Breach of Maritime Contract)**

16.   APL refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 15, inclusive, hereinabove.

17.   Pursuant to the terms of the bill of lading contract entered into between the parties, defendant expressly agreed to pay APL all costs and fees associated with booking and transporting Forta's goods.

18.   APL has performed all of its obligations under the bill of lading contract.

19.   Defendant materially breached the terms of the bill of lading contract entered into between the parties by failing to pay the environmental clean-up charges as promised.

20.   As a direct and proximate cause of defendant's breach of the bill of lading contract by failing to pay the environmental clean-up charges owing, APL has suffered damages in the amount of $5,277.64 (excluding interest).

**SECOND CAUSE OF ACTION**

**(Open Account)**

21.   APL refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 20, inclusive, hereinabove.

22.   Defendant owes APL the sum of $5,277.64 that is due with interest since June 2003, in accordance with the terms of APL's bill of lading contract and tariffs, as more fully described above.

23.   APL has made demand for payment upon defendant and defendant has acknowledged receipt of said demand.

24.   Defendant has refused to pay and continues to refuse to pay the outstanding sum due and owing.

**THIRD CAUSE OF ACTION**

**(Common Count - Services Performed)**

25. APL refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 24, inclusive, hereinabove.

26. Defendant is indebted to APL for the amount of $5,277.64, for the services APL performed at defendant's request.

27. Defendant has paid nothing; therefore, APL is entitled to recover $5,277.64, excluding interest, for services performed.

**FOURTH CAUSE OF ACTION**

**(Negligence)**

28. APL refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 27, inclusive, hereinabove.

29. Forta owed APL a duty to stow and pack the above-described container with due care, such that the pails of paint therein were secured and stable.

30. Forta breached that duty by failing to properly pack and stow the container. In particular, Forta failed to properly pack and stow the paint pails so that they would not shift during transport.

31. Forta's failure to properly pack and stow the paint pails caused one of the pallets of paint to topple over inside the container. After the pallet toppled, one of the paint pails began leaking its contents on to the floor of the container, and out of the container's rear doors.

32. APL was forced to call in an environmental response team to assess the spill, and conduct clean-up operations. The environmental response team cleaned up the paint, re-packed the container and disposed of the waste, all for Forta's benefit.

33. APL paid the invoice issued by the environmental response team. Accordingly, APL was damaged in the amount of $5,277.64 by Forta's negligent packing and stowing of the container.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff American President Lines, Ltd. prays as follows:

1. The Court enter judgment in APL's favor for the full amount of APL's claim;
2. The Court award APL interest on all sums as provided by law;
3. The Court award APL its costs of suit;
4. The Court award APL such other and further relief as the Court may deem proper.

DATED:  June 19, 2007

                                          LUCAS VALLEY LAW


By:  /s/
                                          Mark K. de Langis
                                         Attorneys for Plaintiffs
                                    AMERICAN PRESIDENT LINES, LTD.